STATE OF WISCONSIN      CIRCUIT COURT      MILWAUKEE COUNTY

Christian Pressley,

    Plaintiff

Vs.      Case No.:_____

City of South Milwaukee, et al.

    Defendants,

## INTENTIONAL TORT COMPLAINT AND DISCOVERY DEMAND

Now here comes Plaintiff, Pro Se,

### I. INTRODUCTION

This is an Intentional Tort Claim filed by Christian Pressley, a resident of Grafton WI alleging slander, defamation, libel, false imprisonment, obstruction, false arrest and civil rights violations in contradiction to the United States Constitutional Amendments 4 and 14 and in violation of 42 USC 1983 and discrimination based on gender.

### II. JURISDICTION

1. The Court has jurisdiction over the plaintiff's claims as the actions by the defendants that are alleged by the Plaintiff to cause injury took place in Milwaukee County.
2. Circuit Courts have jurisdiction over civil injury actions that exceed the Small Claims Limit

### III. PARTIES

3. The Plaintiff, Christian Pressley during the events of this case and currently is a resident of Grafton WI.
4. Defendant City of South Milwaukee, is an incorporated city in south east Wisconsin.
5. Defendant Jason Walker in both his personal and official capacity, is a South Milwaukee Police Department Supervisor currently as well as during the events of this case.
6. Plaintiff declares that there are unknown at this time defendants and discovery will certainly create more defendants in both their personal and official capacities.

## IV. FACTS

7. On January 10th 2020 Robyn Polak did make false allegations of sexual assault claiming the Plaintiff sexually assaulted her or engaged in unwanted sexual acts on numerous occasions within a 4 hour time period at multiple locations, all within Milwaukee County Wisconsin.
8. On January 10th 2020 Robyn Polak did file a false police report regarding the false allegations.
9. On January 10th and days subsequent, Robyn Polak did make continuing false claims and false reports to the SMPD and the Milwaukee County District Attorney regarding the false allegations.
10. The South Milwaukee Police Department did discover and report physical video evidence from atleast one location in which when compared to Polaks allegations, proved Polaks allegations of criminality or sexual advance by Pressley to be fabricated.
11. The South Milwaukee Police Department did discover evidence that Polak Obstructed Justice, specifically by making allegations that the Plaintiff sexually grabbed her sexual organs and that those allegations were demonstrated by video evidence to be fabricated.
12. The South Milwaukee Police Department did discover and intentionally with bad faith fail to collect and preserve evidence that Polak obstructed justice by concealing the fact that she sent by text message to the Plaintiff sexually graphic pictures of her breasts and vagina during the incident.
13. The South Milwaukee Police Department did intentionally with bad faith fail to take into custody highly relevant and exculpatory evidence that would prove criminal behavior of Polak, specifically the recorded proof on Polaks cellphone of Polak sending sexually graphic pictures to Pressley.
14. The South Milwaukee Police Department discovered no evidence corroborating Polaks claims whether it be video, or witnesses that could corroborate a single criminal allegation made by Polak.
15. The South Milwaukee Police Department discovered no objective witness that was on scene at any of the locations that could corroborate the allegations of sexual assault or the context of victimization Polak claimed to have existed.
16. The South Milwaukee Police Department discovered significant evidence that Polak was never in any danger with Pressley the night of the incident by way of Polak continually going from place to place with Pressley in which if there was a legitimate context of victimization she could have spoken out to the countless bystanders that were present at the 6 bars that we went to.

17. The South Milwaukee Police Department discovered significant evidence that Polak was giving and receiving affectionate contact freely with Pressley the night of the incident and that at no time did Polak display on video any fear or dissatisfaction of Pressley.
18. The South Milwaukee Police Department discovered significant evidence that Polak was giving and receiving affectionate contact freely with Pressley the night of the incident at times that were subsequent moments that Polak claimed to have been sexually accosted or molested by Pressley.
19. The South Milwaukee Police Department discovered that Polak left multiple locations and went to new locations freely with Pressley the night of the incident at times that were subsequent moments that Polak claimed to have been sexually accosted or molested by Pressley.
20. The South Milwaukee Police Department discovered no evidence corroborating Polaks claims whether it be video, or witnesses that could corroborate a single criminal allegation made my Polak.
21. The South Milwaukee Police Department discovered video evidence that at a specific point during the incident that Pressley was not comfortable in the presence of or did not appear to be comfortable with Polak.
22. The South Milwaukee Police Department did with bad faith intentionally fail to request from Polak her physical cell phone to verify or corroborate claims she was making.
23. The South Milwaukee Police Department did with bad faith intentionally fail to seek phone records of Polak and Pressley to determine the veracity of the claims by both individuals to determine who was telling the truth.
24. On January 15th 2020 the Plaintiff was arrested due to the false allegations made by Defendant Polak and incarcerated at Milwaukee County Jail with the booking listed as sexual assault being part of the basis for arrest.
25. The Plaintiff did suffer 2.5 days of incarceration in Milwaukee County Jail due to the false allegations.
26. The arrest was made with the allegation of sexual assault as basis for the arrest.
27. The District Attorney did notify the City of South Milwaukee that they would not pursue charges before they made the decision to arrest.
28. Defendant City of South Milwaukee and Defendant Jason Walker, did threaten arrest if the Plaintiff were to inquire by phone the status of his criminal complaint that he filed in person against Robyn Polak for having made the false allegations of sexual assault.

29. Defendant Jason Walker, did inform Plaintiff the reason for threatening arrest if Plaintiff were to inquire by phone the status of his criminal complaint that he filed in person was due to a civil suit that the Plaintiff had filed against the City of South Milwaukee.
30. Defendant City of South Milwaukee found no evidence that refuted any of the Plaintiffs claims regarding his account of what happened the night of the incident with Polak.
31. Discovery will certainly create more facts to be added to this claim at a later date.
32. Plaintiff does intend to amend this at a later date subsequent Discovery.

## V. CLAIMS FOR RELIEF

a. Unequal Application of Law - Defendant City of South Milwaukee by not arresting Polak for her criminal obstruction denied the Plaintiff right to Equal Protection of the Law under the 14th Amendment and 42 USC 1983.

b. Known False Claims of Sexual Assault - Defendant City of South Milwaukee upon discovering evidence that Polak Obstructed Justice, specifically by making allegations that the Plaintiff sexually grabbed her sexual organs that were demonstrated by video evidence to be fabricated, yet the Defendant not arresting Polak for her criminal obstruction denied the Plaintiffs right to Equal Protection of the Law under the 14th Amendment and 42 USC 1983.

c. Failed to Collect Plaintiffs Cell Phone for Evidence - Defendant City of South Milwaukee did discover yet failed to collect and preserve evidence in the Plaintiffs cell phone that Polak obstructed justice by concealing the fact that she sent by text message to the Plaintiff sexually graphic pictures of her breasts and vagina during the incident. This intentional failure to collect exculpatory evidence denied the Plaintiffs right to Equal Protection of the Law under the 14th Amendment and 42 USC 1983 and Due Process Rights.

d. Failed to Collect Polaks Cell Phone for Evidence - Defendant City of South Milwaukee intentionally failed to take into custody highly relevant and exculpatory evidence that would prove criminal behavior of Polak, specifically the cell phone of Polaks which had recorded proof of Polak sending sexually graphic pictures to Pressley. This intentional act by the Defendant denied the Plaintiffs right to Equal Protection of the Law under the 14th Amendment and 42 USC 1983.

e. Failure to Collect Phone Records - Defendant City of South Milwaukee intentionally failed to collect phone records of Polak and Pressley to determine the veracity of the

claims by both individuals to determine who was telling the truth. This intentional failure to collect necessary evidence violated the Plaintiffs Constitutional Right to Equal Protection of the Law under the 14th Amendment and Due Process Rights.

f. False Arrest When No Probable Cause Existed - Defendant City of South Milwaukee was deliberately indifferent to the Plaintiffs Constitutional Rights upon discovering no evidence corroborating Polaks claims whether it be video, or witnesses that could corroborate a single criminal allegation made by Polak, yet arresting the Plaintiff for the allegation of sexual assault. This violated the Plaintiffs rights under the United States Constitution's 4th Amendment to be free of unreasonable search and seizures.

g. False Arrest When No Probable Cause Existed - Defendant City of South Milwaukee upon discovering significant evidence that Polak was giving and receiving affectionate contact freely with Pressley the night of the incident at times that were subsequent moments that Polak claimed to have been sexually accosted or molested by Pressley yet arresting the Plaintiff for the allegation of sexual assault, which violated the Plaintiffs rights under the United States Constitution's 4th Amendment to be free of unreasonable search and seizures .

h. False Arrest When No Probable Cause Existed - Defendant City of South Milwaukee upon discovering that Polak left multiple locations and went to new locations freely with Pressley the night of the incident at times that were subsequent moments that Polak claimed to have been sexually accosted or molested by Pressley yet arresting the Plaintiff for the allegation of sexual assault, violated the Plaintiffs rights under the United States Constitution's 4th Amendment to be free of unreasonable search and seizures.

i. Known Liar - False arrest when no probable cause existed - Defendant City of South Milwaukee upon discovering evidence that Polak was a liar regarding key elements of her allegation, yet arresting the plaintiff who's claims of the night were all corroborated by evidence, violated the Plaintiffs rights under the United States Constitution's 4th Amendment to be free of unreasonable search and seizures, and Equal Protection of the Law.

j. False Imprisonment - Defendant City of South Milwaukee caused Plaintiff to suffer 2.5 days of incarceration due to the false allegations made by Defendant Polak and the false arrest. This violated the Plaintiffs rights under the United States Constitution's 4th Amendment to be free of unreasonable search and seizures.

k. Sexual Assault Specifically Was Part of the Arresting Documentation - Defendant City of South Milwaukee did make an arrest of Plaintiff with the allegation of sexual assault as basis for the arrest. This violated the Plaintiffs rights under the United States Constitution's 4th Amendment to be free of unreasonable search and seizures.
l. Malicious Retaliation with Intent to Cause Injury by way of Intentional Denial of Government Services - Defendant City of South Milwaukee and Defendant Jason Walker acted with malice and were deliberately indifferent of the Plaintiffs Constitutional Rights upon threatening arrest if the Plaintiff were to inquire by phone the status of his criminal complaint that he filed in person against Polak. This violated the Plaintiffs Constitutional Right to Equal Protection of the Law under the 14th Amendment and his Right to Equal Access.
m. Malicious Retaliation with Intent to Cause Injury by way of Intentional Denial of Government Services - Defendant City of South Milwaukee acted with malice and in bad faith ignoring the Plaintiffs Rights by informing the Plaintiff the reason for threatening arrest if Plaintiff were to inquire by phone the status of his criminal complaint that he filed in person was due to a civil suit that the Plaintiff had filed against the City of South Milwaukee. This violated the Plaintiffs Constitutional Right to Equal Protection of the Law under the 14th Amendment.
n. Failing to Create Incident Report - The City of South Milwaukee by ignoring and failing to record the criminal complaint that the Plaintiff filed in person against Polak did violate the Plaintiffs rights to Equal Protection of the Law as afforded by the United States Constitutions 14th Amendment and Equal Access to Government Services.
o. No Reasonable Person Would Have Found Probable Cause - The accumulation of falsehoods told by Polak which were known to be false by Defendant City of South Milwaukee, at the time of arrest, in combination with the lack of any evidence that supported Polaks claims, rise to the level that no reasonable individual would have found probable cause to arrest the Plaintiff for the alleged sexual assault which is a violation of the Plaintiffs Right to be free from unreasonable search and seizure under the United States Constitutions 4th Amendment.
p. Gender Discrimination - All actions contrary to the Rights of the Plaintiff that were committed by Defendants City of South Milwaukee, Jason Walker and others to be named, were based on gender discrimination.

q. The actions of the defendants did cause the plaintiff to loose significant loss of societal benefits namely his ability to practice Jiu Jitsu at Neutral Ground in Milwaukee WI.
r. The actions of the Defendants did cause the plaintiff significant financial personal injury as a result of the incarceration and loss of work.
s. The actions of the Defendants did cause the plaintiff significant financial business injury due to having to inform customers that I was in jail on an allegation of sexual assault.
t. The actions of the Defendants did cause the Plaintiff and the family of the Plaintiff significant emotional distress due to the over all incident and actions of the Defendant.
u. The actions of the Defendants did cause the Plaintiff loss of societal standing due to the Neutral Ground facility being heavily attended by South Milwaukee Police Officers as well as the overall blight on my reputation regarding the false allegations and false arrest.
v. The actions of the Defendants did cause the Plaintiff loss of consortium as gaining romantic relationships has been hindered by the allegations and the Defendants actions.
w. The actions of the Defendants did cause the Plaintiff loss of enjoyment in that I am now not allowed to go to Neutral Ground martial arts due to the large amount of South Milwaukee Police Officers that attend classes there.
x. The actions of the Defendants did cause the Plaintiff significant emotional distress due to the overall actions of the Defendant.
y. The actions of the Defendants did cause the Plaintiff significant pain and suffering due to the overall actions of the Defendant.
z. Discovery will potentially create more claims for relief based on at this time unknown facts.
aa. Plaintiff does intend to amend this at a later date subsequent Discovery.

## VI. RELIEF REQUESTED

a. Issue a declaratory judgement stating that:
  i. The Plaintiff was wrongfully accused of sexual assault

ii. The Defendant City of South Milwaukee did violate the Plaintiffs Constitutional Rights to Equal Justice.
     iii. The Defendant City of South Milwaukee did violate the Plaintiffs Constitutional Rights to Equal Access.
  b. Award compensatory, general and or punitive damages in the following amounts:
     i. From each Defendant $100,000.00 for loss of societal benefits suffered.
     ii. From each Defendant $100,000.00 for the financial personal injury suffered.
     iii. From each Defendant $100,000.00 for the financial business injury suffered.
     iv. From each Defendant $100,000.00 for the emotional distress suffered by my family
     v. From each Defendant $100,000.00 for the loss of societal standing suffered.
     vi. From each Defendant $100,000.00 for the loss of consortium suffered.
     vii. From each Defendant $100,000.00 for the loss of enjoyment suffered.
     viii. From each Defendant $100,000.00 for the significant emotional distress suffered by the Plaintiff
     ix. From each Defendant, $100,000.00 for the significant pain suffered by the Plaintiff.
     x. $25,000.00 for compensatory losses caused by Defendant City of South Milwaukee and Defendant Jason Walker.
     xi. $1,000.000.00 for punitive damages in regard to the various violations of civil rights by Defendant City of South Milwaukee.
  c. Grant any other relief as it may appear that plaintiff is entitled
  d. Discovery may cause for additional requests for relief or an amendment of those requested.

Executed this 18th day of January, 2021

*Christian Pressley* {electronically signed}
Christian Pressley Plaintiff Pro Se
1930 Edgewater Dr.

Christian Pressley
Plaintiff Pro Se
414.881.9599
1930 Edgewater Dr. Grafton, WI. 53024

# **DISCOVERY DEMAND**

TO: City of South Milwaukee

Plaintiff propounds the following demands for discovery upon Defendant City of South Milwaukee. All these Demands are to be considered regarding or pertaining to the police incident on January 9th and 10th 2020 between Defendant Polak and Plaintiff Pressley in the State of Wisconsin, in the cities of South Milwaukee and Milwaukee and additionally any such location that is assumed, claimed or believed to have been taken place by the Defendant during the course of its entire investigation. That specific incident will be referred to as "the incident" or "incident" within this document. Defendant Polak will be referred to as "Polak" and Plaintiff Pressley will be referred to as Plaintiff or "Pressley" for the remainder of this document.

1. Copies of all video, audio or any other similar information (regardless of how it is stored), of all events, interactions, incident actions or happenings that include Polak, Pressley, any other witness or of any officer or employee or representative of the City of South Milwaukee if the nature of that information is related to the incident in question.
    a. Specifically, but not limited to recordings of public places that Polak and Pressley were present during the incident, *including* recordings recovered of places that produced no video of Pressley and Polak.
    b. Specifically, but not limited to the 911 call(s) made by Polak of the incident a well as any and all other 911 calls to the defendant from 2010 to present.
    c. Specifically, but not limited to any other recorded calls made by Polak to the SMPD subsequent the night of the incident up to present even if not related to the incident.
    d. Specifically, but not limited to the squad car videos/audio recordings during the incident or any meetings with Polak subsequent the night of the incident.
    e. Specifically, but not limited to the body cam footage of the officers that responded to Polaks 911 call, or any other times subsequent regarding the investigation.
    f. SHALL INCLUDE incidents other than the incident in question if those incidents are including Polak.
2. Provide the video and or audio including a list thereof, including time and location of meeting, of all establishments, bars, restaurants, places of business, places of worship, warehouses, gas stations or any other edifice that has a camera, that officers, or investigators or any other law enforcement officer or person acting under color of law, in which they obtained or attempted to obtain but failed to obtain, video from regarding the incident.
3. Include name and contact information of contacts of each location regarding demand number 2.

4. Copies of all written documents associated with the incident whether they be dispatch records, police reports, emails, notes of any kind, text messages, computer entries of any kind that were created and or in the possession of any color of law officer involved in the investigation.
5. Copies of any and all written documents regarding Christian Pressley that are in the possession of the SMPD.
6. Copies of any and all video, photo and or audio recordings or digital media that is related to or including Christian Pressley that is in the possession of the SMPD or was created or gathered or obtained by or once in the possession of the SMPD. If no longer in the possession of the Defendant, make specific list of each item and name entity the item was given to.
7. Copies of the medical findings and all medical information regarding Robyn Polaks allegation of sexual assault by Pressley.
    a. Specifically, but not limited to pictures of her and her clothing
    b. Specifically, but not limited to medical findings such as rape test results
    c. Specifically, but not limited to medical findings such as blood toxicity results
    d. Specifically, but not limited to medical findings of doctor that gave medical attention to Polak the night of the incident.
8. List and identification of all witnesses that the SMPD spoke to either in person or on the phone or by email regarding the incident.
9. Copies of all phone recordings between Pressley and the SMPD
10. Copies of all phone recordings between Polak and the SMPD
11. List of all officers that had involvement in the investigation. It has been reported to be atleast 17.
12. Copies of all formal complaints filed against the officers and individuals acting under color of law that were involved in the investigation.
13. Copies of conduct reports of the officers and individuals acting under color of law, involved in the investigation.
14. Disclosure of previous law enforcement agencies that employed the officers and individuals acting under color of law from number 9, individually listed per officer.
15. Copies of any policies or procedures that relate to sexual assault including domestic situations.
16. Copies of any policies or procedures that relate to evidence collection and preservation.
17. Copies of any policies or procedures that relate to probable cause standards for arrest.

NOTE: The creation of this document took approximately 8 hours.

Executed this 18th day of January, 2021

                                                *Christian Pressley* {electronically signed}
                                                Christian Pressley Plaintiff Pro Se
                                                1930 Edgewater Dr.

Christian Pressley
Plaintiff Pro Se
414.881.9599
1930 Edgewater Dr. Grafton, WI. 53024