UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Christian Pressley,

        Plaintiff,

    v.                                           Case No. 2021CV000148

Jason Walker, and
City of South Milwaukee,

        Defendants.

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION TO COMPEL

Defendants Jason Walker and City of South Milwaukee, by their attorneys, Gunta Law Offices, S.C., submit this Response to Plaintiff's Motion To Compel Discovery, for Sanctions and Seeking Additional Time for Discovery. (Dkt. 15)

### BACKGROUND

On January 10, 2020 at approximately 1:00 a.m., South Milwaukee Police officers were dispatched for a report that a female was running away from a male that had assaulted her. The female was identified as Robyn Polak and she was taken back to the SMPD to be interviewed.

During that interview, Polak identified Plaintiff, Christian Pressley, as the male who assaulted her. Ultimately, Plaintiff was taken into custody by SMPD and transported to the Milwaukee County Jail with charges referred to the Milwaukee County District Attorney for 3rd Degree Sexual Assault and for violating the "absolute sobriety" terms of his bail from a previous Ozaukee County disorderly conduct charge.

1

Plaintiff originally filed this lawsuit in Milwaukee County Circuit Court and included Ms. Polak as a Defendant, alleging she falsely accused him of sexual assault. Plaintiff alleges claims against the City of South Milwaukee that it violated his constitutional rights relative to Ms. Polak's allegations of sexual assault against him. Plaintiff alleges that Defendant South Milwaukee Police Officer Jason Walker threatened to arrest him if he inquired about the status of a criminal complaint he filed against Ms. Polak, in retaliation for Plaintiff's previous litigation filed against the City. (Docket 1, Complaint ¶¶ 28-29)

These Defendants removed the case to federal court. Ms. Polak is no longer a party in this federal action, but Plaintiff does have a separate case against Ms. Polak based on her complaint against him of sexual assault.

Plaintiff served discovery on the Defendants, which the Defendants answered, and supplemented. *See* Declaration of Jasmyne Baynard with Exhibits 1 and 2, filed in support of this Response.

Plaintiff's Motion to Compel addresses the following: 911 and body camera recordings of Polak's statements to the South Milwaukee Police alleging the Plaintiff sexually assaulted her; records relative to the investigation that are not in Defendants' possession or control; and personnel records of unidentified, nonparty South Milwaukee police officers.

Plaintiff's motion must be denied. Plaintiff's motion is unsupported by any evidence or discovery exchanges between the parties which would give the Court guidance in deciding the motion, misrepresents the factual record and fails to provide any legal citation as support for his requests.

2

Case 2:21-cv-00148-PP    Filed 05/05/21    Page 2 of 11    Document 16

Defendants are statutorily obligated to withhold any statements made to them by Ms. Polak who reported a sexual assault. Defendants do not have any 911 calls to produce. Defendants are also not in possession of specific items identified by Plaintiff that would have been part of the investigation conducted by the Milwaukee Crime Lab or the Milwaukee District Attorney's office. Finally, Plaintiff has not identified the non-party police officers whose records he has requested, and therefore Defendants cannot respond to this request at this time.

There is absolutely no basis for the Court to award the Plaintiff sanctions against the Defendants for bringing his motion to compel.

Finally, because the Court's Scheduling Order (Docket #12) allows discovery through November 30, 2021, and the Plaintiff has not made a showing of a need for additional time for discovery, this portion of Plaintiff's motion should also be denied.

## DISCUSSION

### I.  Discovery Rules Generally and Motions to Compel.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Any party may request production of documents within the possession, custody, or control of another party, subject to the qualifications of Rule 26(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 34(a). A party need not produce documents or tangible things that are not in existence

or within its control. *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004)(citing *Norman v. Young*, 422 F.2d 470 (10th Cir.1970)).

"A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Morris v. Ley*, No. 05-C-0458, 2006 WL 2585029, at *1 (E.D. Wis. Sep. 7, 2006). To that end, the Court may limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

**II.     Plaintiff's Discovery Demand**.

It is unclear which of the Defendants' Responses to Plaintiff's Discovery Demand are being challenged, as Plaintiff has failed to provide any evidence of the status of his Demand or Defendants' Responses. However, on page 8 of his motion, Plaintiff lists the following categories of documents that he believes would assist him with his lawsuit pending against Polak in Milwaukee County Circuit Court:

> 1. All video and phone recordings of Robyn Polak in the possession of the City of South Milwaukee;
>
> 2. All photos including photos of Polak's clothes;
>
> 3. All information as to the results of the crime lab;
>
> 4. Any and all other items in their possession regarding the incident; and

4

> 5. Formal complaints regarding officers that were involved in the investigation.

*See* (Dkt. 15, at 8) These requests can be divided into the following three categories: (1) recordings of Polak; (2) evidence in the custody of Milwaukee Crime Lab; and (3) South Milwaukee Police Department non-party Officer employment records.

### A. Recordings of Polak.

Plaintiff claims that "[d]efense refuses to provide items such as recordings of Polak when calling to the Police Department regarding this case." (Dkt. 15, at 2) This request for recordings is contained in Plaintiff's Request Nos. 1 and 10. Request No.1 reads as follows:

> Plaintiff's Request No. 1: Copies of all video, audio or any other similar information (regardless of how it is stored), of all events, interactions, incident actions or happenings that include Polak, Pressley, any other witness or of any officer or employee or representative of the City of South Milwaukee if the nature of that information is related to the incident in question.
>
> (a) Specifically, but not limited to recordings of public places that Polak and Pressley were present during the incident, *including* recordings recovered of places that produced no video of Pressley and Polak.
>
> (b) Specifically, but not limited to the 911 call(s) made by Polak of the incident as well as any and all other 911 calls to the defendant from 2010 to present.
>
> (c) Specifically, but not limited to any other recorded calls made by Polak to the SMPD subsequent the night of the incident up to present even if not related to the incident.
>
> (d) Specifically, but not limited to the squad car videos/audio recordings during the incident or any meetings with Polak subsequent the night of the incident."
>
> (e) Specifically, but not limited to the body cam footage of the officers that responded to Polak's 911 call, or any other times subsequent regarding the investigation.
>
> (f) SHALL INCLUDE incidents other than the incident in question if those incidents are including Polak.

(Baynard Decl. Exhibit 1, Response to Request No. 1, pp. 1-3; and Exhibit 2, Response and 4/29/2021 Supplemental Response to Request No. 1, pp. 1-3)

Defendants provided all documents in their possession responsive to this Request, with the exception of the interview of Robyn Polak recorded on police officer body cameras, and Polak's initial call made to 911. *Id*. Defendants acknowledged the existence of the recordings (except the 911 call which no longer exists, as addressed below); however Polak provided those statements as a victim of a sensitive crime and is afforded privacy under Wisconsin State Statute 165.87(3)(c). Defendants stated that they would not provide the body camera recordings of Polak's interview without written authorization from Polak or the Court. (*Id*.)

To this point, Plaintiff argues–without legal support– that Polak was not a "victim" under Wis. Stat. § 165.93(1)(e). *See* (Dkt. 15, pp. 3-6) Plaintiff acknowledges that under Wisconsin law, "'Victim' means an individual who has been sexually assaulted, regardless of whether the sexual assault has been reported to any governmental agency." (Dkt. 15, p. 3, citing Wis. Stat. § 165.93(1)(e)). Plaintiff also incorrectly suggests that the District Attorney made a determination that the officers did not have probable cause to arrest Polak, thus Polak is not a "Victim" under Wisconsin Law. (Dkt. 15, p. 3.) While it is correct that the Milwaukee County ADA decided not to process the 3rd degree sexual assault charges due to a lack of evidence, there was never a determination that the officers did not have probable cause to arrest Plaintiff, nor was there a determination that Polak was not a "victim," or that the assault did not occur.

Plaintiff premises his argument on his belief that the sexual assault allegations made by Polak were "fabricated." *See generally* (Dkt. 15) This is merely Plaintiff's opinion and does not change the City's production obligations under Wis. Stat. Sec. 165.87(3)(c). It is common knowledge that a

6

District Attorney's decision whether to prosecute a crime is not determinative of whether the crime actually occurred. It is simply a discretionary decision, and a decision to not prosecute does not prove that a crime was not committed.

Further, Polak's initial 911 call no longer exists. As explained in Defendants' Response to Plaintiff's Request No. 10, which sought, "Copies of all phone recordings between Polak and the SMPD," 911 call recordings are retained for 120 days unless specifically requested or saved for evidence. (Baynard Decl. Exh. 2, Response to Request No. 10, p. 7) The system automatically purges calls every 120 days. *Id*.

In this case, the District Attorney "No Processed" the case and never requested the 911 call. Thus the, January 10, 2020, 911 call from this case was purged by the system on May 9, 2020 (120 days later). *Id*. The first Open Records request received requesting phone calls was on May 14, 2020, outside of the 120 day retention period. (Baynard Decl. ¶ 5)

### B. Defendants Cannot Produce Evidence Not In Their Possession.

Plaintiff's Motion, p. 8, mentions documents in his Request No. 7:

Plaintiff's Request No. 7: Copies of the medical findings and all medical information regarding Robyn Polak's allegation of sexual assault by Pressley.

(a) Specifically, but not limited to pictures of her and her clothing.

(b) Specifically, but not limited to medical findings such as rape test results

(c) Specifically, but not limited to medical findings such as blood toxicity results

(d) Specifically, but not limited to medical findings of doctor that gave medical attention to Polak the night of the incident.

Defendants responded by objecting on the basis that Plaintiff sought information which is protected by HIPPA and requires prior written consent from Polak for disclosure. (Baynard Decl.

7

Exhibit 1, pp. 5-6, and Exhibit 2, p. 6) However, even if the documents were not protected by HIPPA, Defendants stated that they are not in possession of documents responsive to Request No. 7.

Any documents responsive to this request may be in the possession of the Milwaukee Crime Lab or Milwaukee County District Attorneys' Office. Defendants cannot produce documents which are not in their possession.

Plaintiff currently has suit pending against Polak in the Milwaukee County Circuit Court, and thus has other means of obtaining these records or authorizations.

### C. Plaintiff Must Specify the Non-Party South Milwaukee Police Officers Whose Records He Seeks.

Plaintiff claims that Defendants have denied him access to personnel records of the officers involved in the sexual assault complaint investigation. This is a misstatement. No one has denied him records. However, it is the Plaintiff's responsibility to clearly identify documents he wants in his Request, which he has failed to do.

Plaintiff's Request No. 12 requests, "Copies of all formal complaints filed against the officers and individuals acting under color of law that were involved in the investigation." (Baynard Decl. Exhibit 1, p. 7; and Exhibit 2, p. 8) Plaintiff's Request No. 13 requests, "Copies of conduct reports of the officers and individuals acting under color of law, involved in the investigation." Plaintiff's Request No. 14 requests, "Disclosure of previous law enforcement agencies that employed the officers and individuals acting under color of law...individually listed per officer."

To each of these Requests, Defendants responded by objecting to the relevance of the information sought as the only individually named Defendant is South Milwaukee Police Lieutenant

8

Jason Walker. However, Jason Walker did not have any personal involvement in the investigation, thus was not "acting under color of law." (*Id*.) If Plaintiff identifies which employees of the SMPD he believes were "acting under color of law" during the investigation into Polak's sexual assault allegations, Defendants will reevaluate his Request. *Id*.

Thus the ball is now and has been in the Plaintiff's court to specifically identify the individuals for whom he seeks records. Once Defendants are provided with a written discovery request that complies with this requirement, Defendants can evaluate the request and respond as required by law.

### III. The Court Should Deny Plaintiff's Motion for Sanctions.

Any sanction imposed pursuant to the Court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith. *Ramirez* v. *T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991)). "Fault" describes "the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Id.* (quotations omitted). "Fault, however, is not a catch-all for any minor blunder that a litigant or his counsel might make. Fault, in this context, suggests objectively unreasonable behavior; it does not include conduct that we would classify as a mere mistake or slight error in judgment." *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000).

When deciding whether to sanction a party, courts should take into account "the egregiousness of the conduct in question *in relation to all aspects of the judicial process*." *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) (emphasis in original, internal quotations omitted); *see also Danis v. USN Commc'ns, Inc.*, No. 98 C 7482, 2000 WL 1694325, at *52 (N.D. Ill. Oct. 20,

9

2000) (finding that an award of attorneys' fees and costs to the plaintiff in any amount would be unjust where the plaintiff failed to establish "intentional or willful misconduct"); *Trimec, Inc. v. Zale Corp.*, No. 86 C 3885, 1992 WL 245602, at *6 (N.D. Ill. Sep. 23, 1992) (finding that the defendant's acts were not "so egregious as to warrant the granting of fees"). For instance, in *Leaver v. Shortess*, No. 14–C–224, 2015 WL 4506867, at *5–6 (E.D. Wis. July 24, 2015), this Court denied the plaintiff's request for sanctions where the defense encountered logistical difficulties in producing a legible copy of a unique law enforcement record because, ultimately, the record was "largely irrelevant" to a resolution of the merits of the case.

The Plaintiff has not provided evidence of the requisite level of conduct/misconduct necessary to allow the Court to award sanctions, because no such misconduct exists. Sanctions in this case are not warranted.

**IV. The Court Should Deny Plaintiff's Request for Additional Time to Conduct Discovery.**

Plaintiff also asks that Court to extend all discovery dates 90 days. *See generally* (Dkt. 15, p. 8) This request should be denied as unnecessary and unsupported. The Court's March 3, 2021 Scheduling Order provides that discovery shall be completed by no later than November 30, 2021. *See* (Dkt. 12) Plaintiff has not provided any reason why he cannot complete discovery within that time frame.

## CONCLUSION

For the reasons stated above, the Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel and for Sanctions. The Court should further deny Plaintiff's request for additional time for discovery as unnecessary and unsupported.

Dated at Wauwatosa, Wisconsin this 5th day of May, 2021.

**GUNTA LAW OFFICES, S.C.**
Attorneys for Defendants Jason Walker and City of South Milwaukee

/s/ Ann C. Wirth
Gregg J. Gunta, WI Bar No. 1004322
Ann C. Wirth, WI Bar No. 1002469
Jasmyne M. Baynard, WI Bar No. 1099898
Kyle R. Moore, WI Bar No. 1101745
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
Telephone: (414) 291-7979
Facsimile: (414) 291-7960
Emails: gjg@guntalaw.com
acw@guntalaw.com
jmb@guntalaw.com
krm@guntalaw.com