UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Christian Pressley,

        Plaintiff,

v.                                      Case No. 2021CV000148

Jason Walker, and
City of South Milwaukee,

        Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S DISCOVERY DEMANDS

Defendants, Jason Walker and City of South Milwaukee, by their attorneys, Gunta Law Offices, S.C., hereby submit the following Responses to Plaintiff's Discovery Demands:

**REQUEST NO. 1:** Copies of all video, audio or any other similar information (regardless of how it is stored), of all events, interactions, incident actions or happenings that include Polak, Pressley, any other witness or of any officer or employee or representative of the City of South Milwaukee if the nature of that information is related to the incident in question.

(a) Specifically, but not limited to recordings of public places that Polak and Pressley were present during the incident, *including* recordings recovered of places that produced no video of Pressley and Polak.

(b) Specifically, but not limited to the 911 call(s) made by Polak of the incident as well as any and all other 911 calls to the defendant from 2010 to present.

(c) Specifically, but not limited to any other recorded calls made by Polak to the

SMPD subsequent the night of the incident up to present even if not related to the incident.

**(d)** Specifically, but not limited to the squad car videos/audio recordings during the incident or any meetings with Polak subsequent the night of the incident.

**(e)** Specifically, but not limited to the body cam footage of the officers that responded to Polaks 911 call, or any other times subsequent regarding the investigation.

**(f)** SHALL INCLUDE incidents other than the incident in question if those incidents are including Polak.

**RESPONSE: Objection. This Request seeks information which has previously been provided to Plaintiff in response to Plaintiff's open records requests dated: January 21, 2020, February 13, 2020, May 19, 2020, August 21,2020. Subject to the objection and in an effort to be responsive, please see the attached following documents which may be responsive to this Request: South Milwaukee Police Department Reports relating to Incident No. 20-000783 and Investigative notes of Officers Wulusay, Doering, Luczak and Siefert.**

**(a)** *See* **attached videos from Casey's Bar, Taproom and Bottoms.**

**(b) Objection. This Interrogatory seeks information which is not reasonably calculated to lead to the discovery of relevant or admissible information and is further unduly burdensome as is it not limited in scope of time. Subject to the objection and in an effort to be responsive,** *see* **attached call details regarding Incident No. 20-000783.**

(c) Objection. This Interrogatory seeks information which is not reasonably calculated to lead to the discovery of relevant or admissible information and is further unduly burdensome as is it not limited in scope of time. Subject to the objection and in an effort to be responsive, Defendants are not in possession of any "recorded calls" responsive to this request.

(d) Defendants are not in possession of any "squad car videos/audio recordings" responsive to this request.

(e) Defendants are in possession of the interview of Robyn Polak, which recorded on police officer body cameras. Polak provided that statement as a victim of a sensitive crime and is afforded privacy under Wisconsin State Statute 165.87(3)(c). Therefore, minus written authorization from that individual, those records will not be released.

(f) Objection. This Request is vague, ambiguous and incomplete. Subject to the objection and in an effort to be responsive, *See* South Milwaukee Police Department Reports relating to Incident Nos. 20-005527, 19-001411, 19-008373, 19-008411, 19-008427, 19-012716, 19-016093, 19-018591, 19-020964, 19-030153, 19-032378, 18-003657, 18-005595, 18-017173, 18-026822.

**REQUEST NO. 2:** Provide the video and or audio including a list thereof, including time and location of meeting, of all establishments, bars, restaurants, places of business, places of worship, warehouses, gas stations or any other edifice that has a camera, that officers, or investigators or any other law enforcement officer or person acting under color of law, in which they obtained or attempted to obtain but failed to obtain, video from regarding the incident.

**RESPONSE:** This information can be determined by reviewing SMPD Incident Report Incident No. 20-000783.

**REQUEST NO. 3:** Include name and contact information of contacts of each location regarding demand number 2.

**RESPONSE:** *See* Response to Request No. 2.

**REQUEST NO. 4:** Copies of all written documents associated with the incident whether they be dispatch records, police reports, emails, notes of any kind, text messages, computer entries of any kind that were created and or in the possession of any color of law officer involved in the investigation.

**RESPONSE:** *See* documents produced in Response to Request No. 1.

**REQUEST NO. 5:** Copies of any and all written documents regarding Christian Pressley that are in the possession of the SMPD.

**RESPONSE: Objection.** This Request seeks information which has previously been provided to Plaintiff in response to Plaintiff's open records requests dated: January 21, 2020, February 13, 2020, May 19, 2020, August 21, 2020. Further, this Request seeks information which is not reasonably calculated to lead to the discovery of relevant or admissible information and is further unduly burdensome as is it not limited in scope of time. Subject to

the objection and in an effort to be responsive, see South Milwaukee Police Department Reports relating to Incident No. 20-000783; additional documents produced in response to these Requests and Documents produced in Plaintiff's previous lawsuit: *Christian Pressley v. City of South Milwaukee*; Case No. 20CV1048 (Eastern District of Wisconsin).

**REQUEST NO. 6:** Copies of any and all video, photo and or audio recordings or digital media that is related to or including Christian Pressley that is in the possession of the SMPD or was created or gathered or obtained by or once in the possession of the SMPD. If no longer in the possession of the Defendant, make specific list of each item and name entity the item was given to.

**RESPONSE:** Objection. This Request seeks information which is not reasonably calculated to lead to the discovery of relevant or admissible information and is further unduly burdensome as is it not limited in scope of time. Subject to the objection, *see* attached documents and recordings produced in Response to Request Nos. 1 and 9.

**REQUEST NO. 7:** Copies of the medical findings and all medical information regarding Robyn Polak's allegation of sexual assault by Pressley.

   **(a)** Specifically, but not limited to pictures of her and her clothing.

   **(b)** Specifically, but not limited to medical findings such as rape test results

   **(c)** Specifically, but not limited to medical findings such as blood toxicity results

(d) Specifically, but not limited to medical findings of doctor that gave medical attention to Polak the night of the incident.

**RESPONSE: Objection. This request seeks information which is protected by HIPPA and requires prior written consent from Polak for disclosure. Subject to the objection, Defendants are not in possession of any documents responsive to this request.**

**REQUEST NO. 8:** List and identification of all witnesses that the SMPD spoke to either in person or on the phone or by email regarding the incident.

**RESPONSE: This information can be determined by reviewing SMPD Incident Report Incident No. 20-000783.**

**REQUEST NO. 9:** Copies of all phone recordings between Pressley and the SMPD.

**RESPONSE: Objection. This Request seeks information which is not reasonably calculated to lead to the discovery of relevant or admissible information and is further unduly burdensome as is it not limited in scope of time. Subject to the objection,** *see* **attached recordings in Response to Request No. 9.**

**REQUEST NO. 10:** Copies of all phone recordings between Polak and the SMPD.

**RESPONSE:** Objection. This Request seeks information which is not reasonably calculated to lead to the discovery of relevant information and is further unduly burdensome as is it not limited in scope of time. Subject to the objection, Defendnats are not in possession of any phone recordings between Polak and the SMPD relating to this incident. If Plaintiff wants other calls he needs to provide specific dates and times and Defendants will see if those calls are still in the 911 system, which automatically purges calls every 120 days if they are not requested to be retained.

**REQUEST NO. 11:** List of all officers that had involvement in the investigation. It has been reported to be at least 17.

**RESPONSE: This information can be determined by reviewing SMPD Incident Report Incident No. 20-000783.**

**REQUEST NO. 12:** Copies of all formal complaints filed against the officers and individuals acting under color of law that were involved in the investigation.

**RESPONSE:** Objection. This Request is vague, seeks information which is not reasonably calculated to lead to the discovery of relevant information and further relies on the undefined term "under color of law." Plaintiff has not named any individual officers as Defendants nor any officer who would have been "acting under color of law" while involved in the investigation. Subject to the objection, Defendants will re-evaluate this Request if Plaintiff amends the complaint to name additional defendants or provides a list of individuals who were involved in the investigation.

**REQUEST NO. 13:** Copies of conduct reports of the officers and individuals acting under color of law, involved in the investigation.

**RESPONSE:** *See* **Defendants' Response to Request No. 12, above.**

**REQUEST NO. 14:** Disclosure of previous law enforcement agencies that employed the officers and individuals acting under color of law from number 9, individually listed per officer.

**RESPONSE: Interrogatory No. 9 seeks "Copies of all phone recordings between Pressley and the SMPD," accordingly Defendants are not in possession of any documents responsive to this request. Further,** *see* **Defendants' Response to Request No. 12, above.**

**REQUEST NO. 15:** Copies of any policies or procedures that relate to sexual assault including domestic situations.

**RESPONSE:** *See* **attached SMPD General Order No. 22.**

**REQUEST NO. 16:** Copies of any polices or procedures that related to evidence collection and preservation.

**RESPONSE:** *See* **attached SMPD General Order No. 18-30, which was previously provided to Plaintiff in response to his open records request.**

**REQUEST NO. 17:** Copies of any polices or procedures that relate to probable cause standards for arrest.

**RESPONSE:** *See* attached SMPD General Order No. 19-36, which was previously provided to Plaintiff in response to his open records request.

Dated at Wauwatosa, Wisconsin this 6th day of April, 2021.

          GUNTA LAW OFFICES, S.C.
          Attorneys for Defendants Jason Walker and
          City of South Milwaukee

          */s/ Jasmyne M. Baynard*
          Gregg J. Gunta, WI Bar No. 1004322
          Ann C. Wirth, WI Bar No. 1002469
          Jasmyne M. Baynard, WI Bar No. 1099898
          Kyle R. Moore, WI Bar No. 1101745
          9898 W. Bluemound Road, Suite 2
          Wauwatosa, Wisconsin 53226
          Telephone:  (414) 291-7979
          Facsimile:   (414) 291-7960
          Emails:       gjg@guntalaw.com
                            acw@guntalaw.com
                            jmb@guntalaw.com
                            krm@guntalaw.com