UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTIAN D. PRESSLEY,

Plaintiff,

Case No. 21-cv-148-pp

v.

CITY OF SOUTH MILWAUKEE,
and JASON WALKER,

Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 15), DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 15), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 15) AND DENYNG PLAINTIFF'S MOTION TO STAY DISCOVERY AND EXTEND DATES (DKT. NO. 19)**

The South Milwaukee Police Department arrested the plaintiff on January 15, 2020 following allegations of sexual assault. The plaintiff remained incarcerated for two and a half days. The plaintiff filed a complaint in Milwaukee County Circuit Court alleging denial of Equal Protection under the Fourteenth Amendment and violations of the Fourth Amendment in relation to the arrest. The defendants removed the case from Milwaukee County Circuit Court to federal court, dkt. no. 1, and the clerk's office reassigned the case to this court on February 8, 2021, after the defendants filed their magistrate judge consent form.

The court adopted the parties' proposed scheduling dates and set a discovery deadline of November 30, 2021 and a dispositive motion deadline of

1

November 5, 2021. Dkt. No. 12. On April 15, 2021, the plaintiff filed a motion asking the court to compel discovery, to impose sanctions and to extend the time to conduct discovery. Dkt. No. 15. The defendant opposed the motion, filing a brief and two declarations. Dkt. Nos. 16, 17.

Six months later, the plaintiff filed a motion to stay discovery and a timeline. Dkt. No. 19. The defendants opposed the motion to stay, dkt. no. 20, and filed a motion for summary judgment a day later, dkt. no. 23. Two weeks after the defendants moved for summary judgment, the plaintiff filed a motion for leave to file an amended complaint and a brief in opposition to summary judgment. Dkt. No. 32. On December 13, 2021, the plaintiff filed a motion for extension of time, dkt. no. 37, and a motion for sanctions, dkt. no. 40.

On January 18, 2022, the defendants filed a Rule 7(h) expedited motion for leave to file a surreply to the plaintiff's response, dkt. no. 48, the plaintiff filed a response, dkt. no. 50, and the defendants filed a motion to strike that response, dkt. no. 51. The plaintiff filed another motion to amend his complaint. Dkt. No. 49.

The court will deny the plaintiff's motion to compel, motion for sanctions and motion for an extension of time and the plaintiff's motion to stay. By separate order the court will address the defendant's motion for summary judgment and all remaining motions (unless it determines that a hearing is necessary).

## I.    Plaintiff's Motion to Compel Discovery, Motion for Sanctions and Motion for Extension of Time for Discovery (Dkt. No. 15)

The plaintiff's motion to compel discovery, for sanctions and for an extension—filed seven months before the discovery deadline—did not identify the discovery requests served on the defendants or included the certification required by Civil Local Rule 37 (E.D. Wis.). The plaintiff simply asserts that he delivered a "Discovery Demand" and received a "Response to that Discovery Demand in which Defendant refuses to provide most information sought, as well Defendant has given notice of spoilation of evidence by the Defense." Dkt. No. 15 at 1-2. The motion later reveals a bit more about the plaintiff's requests: the plaintiffs says that the defense has refused to provide "items such as" the recordings of the alleged victim calling the police, including the 911 call. Id. at 2, 3. The plaintiff argues that the defendants have relied on Wis. Stat. §165.87(3)(c) to avoid giving him the body camera footage of the alleged victim, which he asserts is "on its face unconstitutional." Id. at 4. The plaintiff says that the defense "now admits" that they have destroyed the 911 tape; the plaintiff claims this was intentional to make it more difficult for him to prove his case. Id. at 6-7. Finally, the plaintiff says that he needs evidence of the history of formal complaints "of the officers involved" so that the trier of fact can determine whether there "is a pattern of practice of such behavior" or whether there is any evidence that impeaches the defendants' character for truthfulness. Id. at 7.

3

At the end of the motion, the plaintiff asks the court to compel production of the following information that would assist [him] with [his] civil suit against [the victim] in state court." Id. at 8. The list includes:

1. All video and phone recordings of [the victim] in the possession of the City of South Milwaukee

2. All photos including photos of [the victim's] clothes

3. All information as to the results from the crime lab

   a. HIPPA does not protect someone that makes criminal allegations from scrutiny regarding DNA results.

4. Any and all other items in their possession regarding the incident.

5. Formal complaints regarding officers that were involved in the investigation

6. Grant additional 90 days for discovery, extending all dates 90 days.

Id. at 8. The plaintiff asks the court to impose punitive damages in the amount of $1,000. Id.

The court regrets that it has taken this long to address the plaintiff's motion. The court will deny the motion (and would have done so had it addressed the motion earlier) because the motion does not comply with the federal or local rules. Rule 37 of the Federal Rules of Civil Procedures requires a party moving to compel discovery to file a certification that the movant has in good faith conferred or attempted to confer with the party failing to make disclosure in an effort to obtain it without court involvement. Fed. R. Civ. P. 37(a). This court's Civil Local Rule 37 also requires that the "statement recite the date and time of the conference or conferences and the names of all parties

4

participating in the conference. Civ. L.R. 37 (E.D. Wis.) (available at

https://www.wied.uscourts.gov/sites/wied/files/documents/Local_Rules_201

0-0201_Amended_2022-0103.pdf). That means that before someone files a

motion asking the court to compel discovery, that person must discuss the

dispute with the opposing party's lawyer; if the parties can't resolve their

dispute after a good-faith discussion, the party filing the motion to compel

must provide the court with a written document describing the discussion

(when it took place, how, who participated). The rule is designed to save both

the court and the parties time and resources. A court may require strict

compliance with its rules. Hinterberger v. City of Indianapolis, 966 F.3d 523,

528 (7th Cir. 2020). Even people who are representing themselves must follow

procedural rules. Collins v. Illinois, 554 F.3d 693, 697 (7th Cir. 2009).

The plaintiff's motion does not indicate that he tried to talk to the

defendants' lawyers about the allegedly missing discovery. He did not include

the certification required by Civil L.R. 37. Nor has the plaintiff met his burden

to demonstrate that the court should force the defendants to turn over specific

documents, items or information. The court has "extremely broad discretion" in

controlling discovery and it is not an abuse of the court's discretion to deny a

motion to compel when the movant does not provide evidence on which the

court can base its decision. See Jones v. City of Elkhart, 737 F.3d 1107, 1115

(7th Cir. 2013). The plaintiff's motion contains general arguments about

whether someone should be called a victim and why he is entitled to various

categories of discovery. It does not identify (or include copies of) the discovery

requests that he served on the defendants (in other words, he has not told the court what he asked the defendants to provide to him). It does not indicate when he served those requests, when he received the defendants' responses or which responses he is challenging. Because the plaintiff did not provide the court with sufficient information, he has not demonstrated that he is entitled to the discovery, let alone sanctions.

Although the burden is on the plaintiff to persuade the court that it must compel the defendants to provide discovery, the defendants also have provided the court with information through their response to the plaintiff's motion. The defendants indicate that on January 10, 2020 at 1:00 a.m., officers were dispatched after a report that a female was running away from a male who had assaulted her. Dkt. No. 16 at 1. The female later identified the plaintiff as the assailant; the plaintiff was taken into custody and transported to the Milwaukee County Jail with "charges referred to the Milwaukee County District Attorney for 3rd Degree Sexual Assault and for violating the 'absolute sobriety' terms of his bail from a previous Ozaukee County disorderly conduct charge." Id. at 1.

With their response, the defendants filed a declaration made by their lawyer, Jasmyne Baynard, dkt. no. 17, along with a copy of their response to the plaintiff's discovery demands, dkt. no. 17-1, and supplemental response, dkt. no. 17-2. The defendants explain: (1) that the plaintiff wants the body camera recordings of the alleged victim's statements to the South Milwaukee police about the alleged sexual assault but that they are statutorily obligated

6

under Wis. Stat. §165.87(3)(c) to withhold statements by an alleged victim of a sensitive crime, dkt. no. 16 at 6; (2) that the plaintiff wants the recording of the 911 call made by the alleged victim but that they do not have a call to produce because the recordings are purged after 120 days unless specifically requested or saved for evidence; in this case, the District Attorney "no processed" the case and never requested the 911 call, so the call was purged on May 9, 2020, before the plaintiff's first open records request was received, id. at 7; (3) that they are not in possession of items from the investigation conducted by the Milwaukee Crime Lab or the Milwaukee District Attorney's Office, id. at 8; and (4) that the plaintiff has not identified the non-party police officers whose records he has requested (even though the defendants identified all officers involved in the investigation), id. at 8-9. The defendants close by arguing that there is no basis for sanctions and no basis for an extension of time to conduct discovery. Id. at 10.

The plaintiff did not reply to the defendants' response. On this record, there is no basis for the court to compel discovery, award sanctions or grant an extension. The court will deny the motion. Dkt. No. 15.

The court advises the plaintiff to familiarize himself with the Federal Rules of Civil Procedure that govern discovery (particularly Rules 33, 34, 36 and 37), as well as this court's civil local rules (again, focusing on Civ. L.R. 33, 34, 36 and 37). For example, a party responding to discovery must produce relevant, non-privileged information within that party's "possession, custody, or control." Fed. R. Civ. P. 34(a). The defendants are not required to produce

evidence that does not exist or evidence that is not in their possession, custody or control.

## II. Plaintiff's Motion to Stay Discovery and Timeline (Dkt. No. 19)

On October 20, 2021, the plaintiff filed a motion requesting "a stay on Discovery and Amending the Complaint." Dkt. No. 19 at 1. He indicated that he had obtained some discovery in a different state court case but that that information "has created the need for more discovery as there are more material facts that have made it apparent there are more claims to be made and with more Defendants to be added." Id. at 1. The plaintiff has asked this court to stay discovery while he waits for the court to decide his motion to compel. Id. at 2. The plaintiff says he has learned that: (1) an officer made false claims in a sworn statement; (2) officers made willful material omissions of key exculpatory evidence; (3) officers fabricated material facts in an interview with the false accuser; (4) video evidence contradicts key material facts; and (5) there has been a "wonton [sic] spoilation of key material evidence by the SMPD." Id.

The defendants filed a brief in opposition to the plaintiff's motion, pointing out that the time for amending pleadings had passed and that the discovery deadline was just weeks away. Dkt. No. 20 at 1. The defendants told the court that they had provided all the information within their possession and control and that the plaintiff had noticed depositions of nine officers. Id. at 2. The defendants explained that the list of individuals to be deposed reveals

8

that the plaintiff had knowledge of the individuals who may have relevant information relating to his claims. Id.

The defendants also told the court that the plaintiff had made a settlement demand, stating that he preferred to address his demand prior to the depositions, and had cancelled the scheduled depositions. Id. at 3. The City Council rejected the settlement demand on September 7, 2021. Id. On September 9, 2021, defense counsel informed the plaintiff via email that the city had rejected the settlement offer and asked the plaintiff if he planned to go forward with the lawsuit. Id. The defendants indicate that the plaintiff never rescheduled or took any depositions. Id. The defendants add that the plaintiff does not specify what information he received that necessitates additional discovery or explain why their prior discovery responses did not provide the requisite information. Id. They assert that not only did the plaintiff neglect to provide a sufficient reason to stay or extend discovery, but he failed to provide good cause for amending the complaint. Id. at 4. Due to the timing of the plaintiff's motion, the defendants filed their response a day before the dispositive motions deadline and indicated that they already had prepared and intended to file a motion for summary judgment; they argued that allowing the plaintiff to amend the complaint would prejudice them. Id.

The plaintiff cites two reasons for his request that the court stay discovery or otherwise extend the deadlines. First, he says he received discovery in his state case that requires additional discovery in this federal case. But as the defendants point out, he has not identified what he received in

9

the state case that he did not previously know or have access to from discovery in this case. As the defendants point out, the plaintiff noticed nine depositions, cancelled those depositions when he filed his settlement demand and never rescheduled or took those depositions—even after defense counsel asked him whether he planned to proceed. Second, the plaintiff says that he is waiting on this court's ruling on the motion to compel. The court has concluded that the plaintiff did not meet his burden to persuade the court that it should compel discovery or impose sanctions.

To the extent that the plaintiff seeks an extension of the deadline for amending the pleadings, that deadline expired on May 3, 2021—five months before the plaintiff filed this motion. Dkt. No. 12. Rule 16(b)(4) provides that the court may modify the scheduling order, but only for good cause. Fed. R. Civ. P. 16(b)(4). The plaintiff has not explained why he filed his motion to amend the complaint five months *after* the deadline expired. The court understands that he might have been waiting for the court's ruling on his motion to compel, but he could have made his request prior to the expiration of the May 3, 2021 deadline, even while waiting for the ruling. The court also understands that the plaintiff believes he received new information in one of his state cases; perhaps it is that information that causes him to want to amend. But as the defense has noted, the plaintiff has not explained what the information is and why it requires an amendment to the complaint. Because the court received the plaintiff's motion only fifteen days before the deadline for filing summary judgments, the defendants understandably were under the impression that

10

they should prepare their summary judgment motion based on the original complaint and they have done so.

Finally, at the time he filed this motion, the plaintiff had not filed a motion for leave to amend. Fed. R. Civ. P. 15(a)(1) says that party may amend one time "as a matter of course"—that is, without need the court's permission—if the party does so within twenty-one days after serving the complaint or within twenty-one days after the other side files its answer. Otherwise, a party seeking to amend the complaint must either obtain the opposing party's consent or must request permission from the court. The plaintiff has not requested such leave. This court's local rules require that along with a motion for leave to amend, a party must "state specifically what charges are sought by the proposed amendments," and must attach to the motion the proposed amended pleading (in its entirety—it cannot "supplement" the prior pleading or refer the court back to prior pleadings). See Civil L.R. 15(a) and (b). The plaintiff later filed a motion for leave to amend. Dkt. No. 32. The court will address that motion separately, as well as the defendants' motion for summary judgment and the other motions that are pending.

The court will deny the plaintiff's motion for leave of court to stay discovery and timeline. Dkt. No. 19.

## III.  Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to compel discovery. Dkt. No. 15.

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 15.

11

The court **DENIES** the plaintiff's motion seeking additional time for discovery. Dkt. No. 15.

The court **DENIES** the plaintiff's motion for leave of court to stay discovery and timeline. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 28th day of March, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**